CASE 36—PETITION ORDINARY—October 26.

# Givens v. Kentucky Central Railway Company.

### APPEAL FROM HARRISON CIRCUIT COURT.

1. RECOVERY FOR LOSS OF LIFE BY NEGLIGENCE OF RAILROAD COMPANY.—Where the life of any person not in the employment of a railroad company is lost by the negligence of any railroad company, his personal representative may maintain an action against the company, and recover damages therefor, under section 1 of chapter 57, General Statutes.

2. SAME.—The recovery under that section of the statute is limited to compensation, and neither the widow nor the child can maintain the action. It must be brought by the personal representative, and if a recovery is had, the plaintiff will hold the fund like other assets left by the intestate.

3. SAME.—The degree of neglect alleged determines the question as to whether a recovery is sought under section 1 or section 3 of chapter 57, General Statutes. If "ordinary negligence," or "negligence" simply, is alleged, the action will be regarded as under the first section.

M. C. SWINFORD, J. F. WRIGHT AND WARD & KIMBROUGH FOR APPELLANT.

1. The administrator of a person killed by a railroad company can maintain an action for such killing under section 1, chapter 57, General Statutes, although the decedent left neither widow nor child. The case of Henderson's Adm'r v. Ky. Cent. R. Co., 9 Ky. Law Rep., was an action under section 3 of chapter 57, and therefore has no application.

2. At common law there could be no recovery where the death was immediate. (Eden v. Lex. R. Co., 14 B. M., 204.) But this has been changed by statute, and the representatives of the decedent have the same right of action where death is instantaneous as was given by the common law to the injured party where death did not ensue. (L., C. & L. R. Co. v. Case's Adm'r, 9 Bush, 728; K. C. R. Co. v. Gastineau's Adm'r, 83 Ky., 127; 5 Am. & Eng. Encyclopedia of Law, pp. 125, 126.)

G. C. LOCKHART AND FORMAN & CASON FOR APPELLEE.

1. At common law no recovery could be had for an injury resulting in death, and therefore appellant must look to the statute for a remedy.

(L. & N. R. Co. v. Sanders, &c., 9 Ky. Law Rep., 692; L. & P. Canal
Co. v. Murphy, 9 Bush, 534.)

2. It was not intended by section 1 of chapter 10 of the General Statutes
to give in any case a right of action to a personal representative
where none had accrued to the decedent in his life-time (L. & P.
Canal Co. v. Murphy, 9 Bush, 534); and section 1 of chapter 57
clearly implies that under that statute no right of action can survive
to the personal representative if the decedent had no right of action
in his life-time.

3. Under section 3 of chapter 57, General Statutes, there can be no re-
covery by the personal representative if the decedent left neither
widow nor child; and, therefore, as the statutes upon this subject
should be made to harmonize, if possible, no recovery should be
allowed under section 1 under the same circumstances. (Henderson's
Adm'r v. Ky. Cent. R. Co., 9 Ky. Law Rep., 625; L. & N. R. Co. v.
Brooks, 83 Ky., 141.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

When this cause was considered and the judgment
affirmed, the court was of the opinion that the two
cases of Henderson v. Kentucky Central R. Co., 86
Ky., 389, and Jordan's Adm'r v. Cincinnati, &c., R.
Co., *ante*, p. 40, settled this case; but after recon-
sidering the question, we are satisfied the court erred
in the former opinion. While the death of the child
was instantaneous, and at common law no cause of
action survived to his personal representative, the
statute that applies alone to *railroad corporations*
gives in express terms a right of action to the per-
sonal representative of the person killed. That stat-
ute reads: "If the life of any person not in the
employment of a railroad company shall be lost
in this Commonwealth by reason of the negligence
or carelessness of the proprietor or proprietors of any
railroad, or by the unfitness or negligence or careless-
ness of their servants or agents, the personal repre-

sentative of the person whose life is so lost may institute suit and recover damages in the same manner that the person himself might have done for any injury where death did not ensue." (Section 1, chapter 57, General Statutes.)

The case of Louisville & Portland Canal Co. v. Murphy's Adm'r, 9 Bush, 522, and similar cases, were where the intestate was killed by some other agency than that of a railroad train, and there being no statute by which a right of action was given the administrator, the common law rule prevailed, and the death being instantaneous, there was no cause of action.

In this case a child nine years of age was run over and killed by a train of cars belonging to the appellee, his death resulting, as is alleged, by the negligence of the employes of the defendant in charge of the train. At common law there was no cause of action that survived to the personal representative upon such a state of fact, and the law-making power, in order to provide a remedy against *railroad companies*, when negligence on the part of its employes has caused the death, has sadi that the representative of the intestate may recover damages in the same manner that the person himself might have done for any injury when death did not ensue. For a personal injury the intestate, if living, could maintain his action and recover damages for the negligence of the employes of the company, and as death has ensued, the statute provides that for the injury resulting in the loss of life the personal representative may recover. As there are two sections of this statute, the one permitting the personal representative to sue and the other giving to the widow and

children the right to recover punitive damages, and to appropriate the amount of recovery to their own use, which right is given in the third section, the personal representative who sues under the first section must be confined in his recovery to compensatory damages. (Louisville, &c., R. Co. v. Case, 9 Bush, 728.) It was evidently intended to restrict the recovery under the first section to compensation, and not damages by way of punishment for the wrongful act. It is true this court has held that a recovery under the third section of the act may be had, although a less degree of neglect is established than willful neglect, and as the widow, child or personal representative may sue under that section, a recovery in the name of either would bar a right of action under the first section. The degree of neglect alleged determines the question as to the section under which the plaintiff is seeking to recover, and if ordinary neglect, or the averment that the intestate's death was caused by the negligence only of the employes of the company, the action will be regarded as under the first section, and the recovery limited to compensation, and neither the widow nor the child can maintain such an action, but it must be instituted in the name of the personal representative. The cases of Louisville, &c., R. Co., v. Case's Adm'r, 9 Bush, 728, and Kentucky Central R. Co. v. Gastineau's Adm'r, 83 Ky., 119, decide this question; and it is apparent, whatever may be said as to the manner in which the recovery, when had and secured, is to be distributed by the administrator, that the Legislature intended to confine the right of action under the first section to the personal representative, and as there

is no direction as to the disposition of the fund recovered under that section, the personal representative would hold it like other assets left by the intestate.

Judgment reversed, and cause remanded with directions to overrule the demurrer, and for proceedings consistent with this opinion.