[Civil No. 586.   Filed April 16, 1898.]

[52 Pac. 985.]

WILLIAM CLARK, Defendant and Plaintiff in Error, v. ROBERT E. MORRISON, Plaintiff and Defendant in Error.

1. SUMMONS — SERVICE — DEFECTS — WAIVED BY ANSWER—REV. STATS. ARIZ. 1887, PAR. 721, CITED.—Defects in the manner of the service of summons are waived and cured by answer and appearance in the

trial court, under the statute, *supra*, providing that "the filing of an answer shall constitute an appearance of the defendant, so as to dispense with the necessity for the issuance or service of summons upon him."

2. EVIDENCE — JUDICIAL NOTICE — ATTORNEYS AT LAW — OFFICERS OF COURT.—Under our statute a lawyer may be an attorney and officer of the district court, and yet not be a member of the bar of the supreme court; and this court cannot take judicial notice of the officers of the district court.

3. SAME — PRESUMPTIONS — RECITALS OF JUDGMENT — ATTORNEYS AT LAW.—Where the record shows that an answer was filed below signed by attorneys for defendant, and the judgment recites that the defendant entered his appearance by filing his answer, the presumption is, that such attorneys were duly qualified and authorized attorneys of said court.

ERROR to the District Court of the Fourth Judicial District in and for the County of Yavapai. John J. Hawkins, Judge. Affirmed.

The facts are stated in the opinion.

E. M. Sanford, for Plaintiff in Error.

This court will take judicial notice of its officers and attorneys. *Alderman* v. *Bell*, 9 Cal. 315; *Masterson* v. *Le Claire*, 4 Minn. 108.

So it ought to be presumed that Vanatta & Cunningham are not licensed attorneys in Arizona. The paper called an answer, being a pleading, not signed by the party, nor by an attorney licensed to practice in Arizona, is not tantamount to an appearance.

J. E. Morrison, for Defendant in Error.

DAVIS, J.—The defendant in error brought an action in the court below against William Clark and H. J. Sisty, copartners, under the firm name and style of Clark & Sisty, to recover the sum of $1,006.13 for materials furnished and labor done in and upon two certain mining claims,—the Shelton and the Eureka,—situate in the Walker Mining District, Yavapai County, Arizona, and to enforce a lien therefor against said mining properties. The complaint alleges the said copartners to have been the owners and in the possession of said

mining claims at the time of the improvements thereon, and avers that they are residents of the state of Colorado. The account consists of various items of labor alleged to have been performed, and materials to have been furnished, by different persons upon said mines and mining property, at the special instance and request of the said Clark & Sisty, and duly assigned to the defendant in error, by whom, the complaint avers, they were attested, filed, and recorded in compliance with the lien statute. Upon the filing of the complaint, summons was issued, and the same appears to have been served upon William Clark, personally, on May 19, 1896, in El Paso County, Colorado. No service was ever had upon H. J. Sisty. On June 23, 1896, what purports to be the separate answer of William Clark was filed in the case, signed by Vanatta & Cunningham, as his attorneys, and there is no contention that it was not done by his authority. The answering defendant admits that at the dates mentioned in the complaint he and his co-defendant were the owners of said mining claims; admits that there is due to the plaintiff upon the causes of action set forth in the complaint the sum of $391.50, but no more; and "prays that plaintiff be allowed a judgment in the sum of $391.50, and his reasonable costs." At the trial in the court below neither of the defendants appeared in person or by counsel. Evidence was introduced in the plaintiff's behalf, and the court found the allegations of the complaint to be true. A judgment was rendered against the defendant William Clark for the full amount claimed by the plaintiff, and a decree was entered directing the sale of said mining claims for the payment of said judgment. Clark, as plaintiff in error, brings the case to this court for review.

The first specification of error goes to the manner of the service of summons, and we consider it to be inconsequential. If any defects existed, they were waived and cured by Clark's answer and appearance in the court below. Paragraph 721 of the Revised Statutes provides: "The filing of an answer shall constitute an appearance of the defendant, so as to dispense with the necessity for the issuance or service of summons upon him."

The second claim of error is, that the paper purporting to be the answer of William Clark, filed June 23, 1896, is not tantamount to an entry of appearance by him; and this be-

cause it is not signed by him, and the court should take judicial notice that "Vanatta & Cunningham" are not licensed attorneys in this territory. The position is not tenable. Under our statutes a lawyer may be an attorney and officer of the district court and yet not be a member of the bar of the supreme court. We cannot take judicial knowledge of the officers of the district court of Yavapai County. The answer was signed, "Vanatta & Cunningham, Attorneys for Defendant, Wm. Clark." The judgment of the lower court recites "that the said defendant, William Clark, entered his appearance herein by filing his answer in the office of the clerk of this court, on the 23d day of June, 1896," etc. The presumption from the record is that these attorneys were duly qualified and authorized attorneys of said court.

Our holdi- 3 as to the answer and appearance also disposes of the fifth specification of error. The remaining errors specified relate to alleged defects, variances, and informalities which do not, in our opinion, affect the jurisdiction of the court. The plaintiff in error, having answered in the court below, is bound by his pleading. No demurrer, general or special, was interposed by him; and not having directed them to the attention of the lower court, he cannot for the first time raise these questions here. The record disclosing no reversible error, the judgment is affirmed.

Street, C. J., Sloan, J., and Doan, J., concur.