[Civil No. 945.   Filed March 30, 1906.]

[85 Pac. 401.]

SOUTHERN PACIFIC COMPANY, Defendant and Appellant, v. THOMAS F. WILSON, Administrator of the Estate of Hugh MacKenzie, Deceased, Plaintiff and. Appellee.

1. DEATH BY WRONGFUL ACT—ACTION FOR—COMPLAINT—PLEADING— EVIDENCE—SUFFICIENCY—REV. STATS. ARIZ. 1901, PARS. 2764, 2765, 2766, CONSTRUED.—Paragraphs 2764, 2765, and 2766, *supra*, creating an action for death by wrongful act, providing that the action shall be brought by the personal representative of the deceased, and authorizing the jury in such case to give such damages as they shall deem just, not to exceed five thousand dollars, the amount recovered not to be subject to the debts of the deceased, and to be distributed in accordance with the law relating to the distribution of personal estate, create an action for the benefit of the estate, and the administrator in such action need not allege or prove the existence of beneficiaries, or the amount of damages suffered by them.

2. EVIDENCE — DEPOSITIONS — SUPPRESSION — GROUNDS — ATTORNEY OF WITNESS READING QUESTIONS TO WITNESS.—The presence of the solicitor of a witness at the examination before a commissioner taking the deposition, and the reading by him to the witness of the questions contained in the commission, in the presence of the commissioner, will not justify the suppression of the deposition, the answers being sworn to and subscribed by the witness before the commissioner, in the absence of some showing that the answers of the witness were influenced thereby.

3. SAME—IRREGULARITIES—ADMISSIBILITY.—Where a commissioner was authorized to, and did, take the deposition of a witness, and returned in the same envelope the answers of another person to the interrogatories propounded to the witness, the fact that the commissioner exceeded his authority in interrogating the second person did not render the deposition of the witness named in the commission inadmissible.

**4. ACTION FOR WRONGFUL DEATH—DAMAGES—AMOUNT—NOT EXCESSIVE.**
—An award of five thousand dollars as damages in an action for wrongful death will not be set aside as excessive, where it appeared that the decedent was a mining engineer, twenty-seven years old, sober, industrious, in good health, and earning one hundred dollars a month.

**5. SAME—SAME—MEASURE—REV. STATS. ARIZ. 1901, PAR. 2766, CON-STRUED.**—Damage for death by wrongful act under the statute, *supra*, are not damages to the beneficiaries, but to the estate, and the amount must be left to the sound sense of the jury upon all the circumstances of the case.

**6. SAME—SAME—VERDICT—SETTING ASIDE.**—A verdict for damages for death from wrongful act should not be set aside as excessive unless it appears that the jury acted under some bias or prejudice, or other improper influence.

**7. TRIAL — INSTRUCTIONS TO JURY — AFTER ARGUMENT — REV. STATS. ARIZ. 1901, PAR. 1410, CONSTRUED.**—After the jury had retired, they returned for further instructions. The court re-read the instructions given, but in response to a question from a juror stated that it could give them no additional instructions. This ruling was in accord with the provisions of section 1410, *supra*, providing that no further instructions shall be given after the argument begins, irrespective of the objection of appellant itself to the giving of further instructions.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. John H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

Frank Cox, and Alfred Franklin, for Appellant.

In an action for wrongful death, a petition is fatally defective which discloses no survivor entitled by law to support by the person deceased, and in which with reference to such survivor as is described there is no averment of pecuniary injury. *Chicago etc. Ry. Co. v. Van Buskirk*, 58 Neb. 252, 78 N. W. 514; *Chicago etc. Ry. Co. v. Bond*, 58 Neb. 385, 78 N. W. 710, 6 Am. Neg. Rep. 116; *Hurst v. Ry. Co.*, 84 Mich. 539, 48 N. W. 44; *Van Brunt v. Cincinnati etc. R. Co.*, 78 Mich. 530, 44 N. W. 321; *Charlebois v. Gogebic etc. Ry. Co.*, 91 Mich. 59, 51 N. W. 812; *Regan Admr. v. Chicago etc. Ry. Co.*, 51 Wis. 599, 8 N. W. 292; *Stewart v. Terre Haute Ry.*, 103 Ind. 44, 2 N. E. 208, 21 Am. & Eng. Ry. Cas., p. 209;

*St. Louis etc. Ry. Co.* v. *Johnston,* 78 Tex. 536, 15 S. W. 104; *Swift & Co.* v. *Johnson,* 138 Fed. 867, 71 C. C. A. 619, 1 L. R. A. (N. S.) 1161.

That the court erred in refusing to suppress the deposition of Hugh MacKenzie on motion of defendant, and erred in admitting same in evidence over defendant's objection, see: *Cappeau* v. *Middleton,* 1 Har. & G. 154; *Maryland Ins. Co.* v. *Bossiere,* 9 Gill & J. 121; *Jones* v. *Oregon Cent. Ry. Co.,* 3 Sawy. 523, Fed. Cas. No. 7486; *Walker* v. *Barron,* 4 Minn. 253; *Farrow* v. *Commonwealth Ins. Co.,* 18 Pick. 56, 29 Am. Dec. 564; *Sayles* v. *Stewart,* 5 Wis. 8; *Allis* v. *Jewell,* 36 Vt. 547; *Farmers and Merchants' Bank* v. *Hathaway,* 36 Vt. 538.

The amount of damage which the jury may deem a fair and reasonable compensation for loss sustained must be established by evidence. *Anderson* v. *Chicago etc. Ry. Co.,* 35 Neb. 95, 52 N. W. 840; *Huntington & B. T. R. etc. Co.* v. *Decker,* 84 Pa. St. 419; *Conant* v. *Griffin,* 48 Ill. 410; *March* v. *Walker,* 48 Tex. 372.

Kingan & Wright, for Appellee.

KENT, C. J.—The complaint in this action alleges that MacKenzie, while a passenger on a train of the defendant, met his death by reason of injuries received in a collision, and that such death was caused by the wrongful act, neglect, and default of the defendant; that at the time of his death the said MacKenzie left him surviving his father and other relatives, and that by reason of the premises the plaintiff, as administrator, has sustained damage to the estate in the sum of five thousand dollars. The demurrer of the defendant was overruled, and upon the trial upon the issues raised by the general denial of the defendant judgment was entered upon a verdict of the jury for the plaintiff in the sum of five thousand dollars. From this judgment, and an order denying a motion for a new trial, the defendant has appealed.

This action was brought, and has been maintained, upon the theory that under our statute damages for injuries resulting in death, occasioned by wrongful act, neglect, or default, are damages resulting to the estate of the decedent, and not to the beneficiaries; and that it is therefore not necessary in such case to allege and prove the existence of such beneficiaries, or

to allege or prove the damages sustained by them. The correctness of this theory is the principal question presented for our determination upon this appeal. The statutes which have been adopted in the various jurisdictions in this country followed the enactment in England in 1846 of Lord Campbell's Act (9 and 10 Vict. 93), entitled "An act for compensating the families of persons killed by accidents." This act did not provide for a survival of a right of action for injuries which might have been maintained by the person injured, had he not died, but it created a new action dependent upon the death of the person, when such death was caused by such wrongful act, neglect, or default, as, had death not ensued, would have entitled the party injured to maintain an action. The act further provided that the action is for the exclusive benefit of the wife, husband, parent, and child of the person whose death is caused, to be brought, however, in the name of the executor or administrator of such person; and further, that the jury may give such damages as they may think proportioned to the injury resulting from such death, to the parties, respectively, for whom and for whose benefit such action is brought, to be divided among them in such shares as the jury may direct. The salient features of this act, therefore, are: 1. That it creates a new cause of action, and this action is for the death of the person injured; 2. That the action is for the exclusive benefit of certain designated members of the family of the deceased; 3. The damages recoverable are such as result to the beneficiaries from the death. Tiffany on Death by Wrongful Act, secs. 22, 23. In most of the jurisdictions in this country the first feature of Lord Campbell's Act has been preserved, and the action created therein is a new action. In a few states, however, this feature of Lord Campbell's Act has not been followed, but their statutes provide for a survival of the right of action which the person injured may have had during his lifetime, or would have had if he had survived the injury. About one half of the states in this country also follow in their statutes Lord Campbell's Act in its second feature, and provide that the action is for the benefit of certain designated persons. A number of other states, in preserving the third distinguishing feature of the act, also in effect adopt the second feature thereof, in that, although they do not directly provide that the action is for the benefit of certain

designated persons, they provide that the damages to be
recovered are such as shall have been sustained by certain
designated persons, to whom they shall be distributed. Where
the beneficiaries are named, or where the damages to be
awarded are such only as the persons designated shall have
sustained, the courts have universally held that there must be
allegation and proof of the existence of such persons, and
of the damages sustained by them. Indeed, the second and
third features of the act are closely related and dependent
upon each other, and where either one has been substantially
preserved in the statutes the effect is the same with respect
to the allegations and proof necessary to sustain the action as
if both features were specifically set forth. In all such cases,
as in the parent act, the action is for the benefit of certain
designated persons, and the damage is the loss to them by
reason of the death. Their existence and the loss to them must,
therefore, necessarily be alleged and proved.

In a number of states, however, the statutes neither make
mention of designated beneficiaries, nor provide that the dam-
ages recoverable are such as shall have been sustained by per-
sons designated. In other words, they do not preserve either
the second or the third features of the original act. Under such
statutes the question that arises is whether, notwithstanding
the failure to preserve in terms these features, the action is
nevertheless one for the benefit of the family or next of kin,
so as to require allegation and proof of their existence and
the loss to them, as if they had been designated; or, in other
words, whether the action is one for damages to beneficiaries
or for damages to the estate. The materiality of the inquiry
is evident, since it is apparent that the element of damages
differs greatly in the two cases. In the one, the question is the
amount of damage to the designated persons themselves by
reason of the death; in the other, the amount of damages to
the estate by reason thereof. As has been said, "that [the
damage] to the estate is measured as nearly as can be by the
value of the life lost, and that to the beneficiaries by the value
of the life lost to them." *Carlson* v. *Oregon Short Line*, 21
Or. 450, 28 Pac. 497. In the one case, allegation and proof
of the existence of the beneficiaries and the loss to them is
necessary; in the other, such allegation and proof is unneces-
sary, the proof being directed to the loss to the estate. In the

states whose statutes fall within the class last referred to, the courts quite generally have adopted the view that as the action is a statutory action purely, there is no reason to read into the statute any intendment not expressed therein; that in the absence of any designated beneficiaries, or any direction as to recovery by or distribution to such persons, the action must be held to be one for the benefit of the estate, rather than to the beneficiaries; and this, too, both when the act in terms provides that the damages shall be disposed of as property belonging to the estate, or be treated as assets thereof, and also when it does not in terms so provide, and where it is provided that the damages recovered shall not be subject to the debts of the deceased. *James* v. *R. and D. R. Co.,* 92 Ala. 231, 9 South. 336; *Perham* v. *Portland Electric Co.,* 33 Or. 451, 72 Am. St. Rep. 730, 40 L. R. A. 799, 53 Pac. 14, 24; *Holmes* v. *O. and C. Ry. Co.,* (D. C.) 5 Fed. 523; *B. and O. Ry. Co.* v. *Wightman,* 29 Gratt. 431, 26 Am. Rep. 384; *Madden's Admr.* v. *C. and O. Ry. Co.,* 28 W. Va. 610, 57 Am. Rep. 695; *Warner* v. *R. R. Co.,* 94 N. C. 250; *Roach* v. *Imperial Mining Co.,* (C. C.) 7 Fed. 698; *Hedrick* v. *Ilwaco Ry. Co.,* 4 Wash. 400, 30 Pac. 714; *Andrews* v. *C. M. and St. P. Ry.,* 86 Iowa, 677, 53 N. W. 399; *Givens' Admr.* v. *Kentucky C. Ry.,* 89 Ky. 231, 12 S. W. 257; Sutherland on Damages, 3d ed., sec. 1261; 13 Cyc. 343.

The appellant contends that the Arizona statute should not be construed as one authorizing damages to the estate, but that proof of the damages to the beneficiaries must be given. In the Revised Statutes of 1887 it was provided (pars. 2145 et seq.) that such an action might be maintained when the death of any person is caused by the wrongful act and negligence of another, if of a character such as would, if death had not ensued, have entitled the party injured to maintain an action for injury; that such should be for the sole and exclusive benefit of the surviving husband, wife, children, and parents of such person, and that the amount recovered therein should not be liable for the debts of the deceased; and that the action might be brought by all the parties entitled thereto, or by any one or more of them for the benefit of all, or by the executor or administrator, if not brought by the parties entitled within six months after the death of the deceased. The act further provided that the damages should be such as the jury should

think proportioned to the injury resulting from the death, the amount recovered to be divided among the persons so entitled to the benefit of the action, in such shares as the jury should find. The action provided for by this statute of 1887 followed Lord Campbell's Act in all essential respects. Under it, it was clearly necessary to allege and prove the existence of the beneficiaries, and the amount of damages sustained by them. Prior, however, to the death of MacKenzie and the bringing of this action, the legislature in 1901 passed the following act repealing the statute of 1887: "Whenever the death of any person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured; and although the death shall have been caused under such circumstances as amount in law to murder in the first or second degree or manslaughter. Every such action shall be brought by and in the name of the personal representative of such deceased person; and provided, that the father, or in the case of his death or desertion of his family, the mother, may maintain the action for the death of a child; and the guardian for the death of his ward; and the amount recovered in every such action shall be distributed to the parties and in the proportions provided by law in relation to the distribution of personal estate left by persons dying intestate. In every such case the jury shall give such damages as they shall deem fair and just, not exceeding five thousand dollars, and the amount so recovered shall not be subject to any debts or liabilities of the deceased. Provided, that every such action shall be commenced within one year after the death of such deceased person. If the defendant in any such action die pending the suit, his executor or administrator may be made a party and the suit be prosecuted to judgment as though such defendant had continued alive. The judgment in such case, if rendered in favor of the plaintiff shall be paid in due course of administration." Rev. Stats. Ariz. 1901, pars. 2764-2766. This act, as appears from the report of the code commission, was taken from the statutes of Wyoming. The statute, however, in so

far as the questions before us are concerned, has not received an interpretation by the courts of that state. As in Lord Campbell's Act, the Arizona act of 1901 creates a new cause of action. Clearly it is not to be classed with the statutes which provide merely for a survival of the right of action of the deceased. In the first feature, therefore, it corresponds with Lord Campbell's Act, and with the former act of 1887. The second feature of the act, however, has clearly been changed. Where Lord Campbell's Act and the act of 1887 designated the persons for whose benefit the action should be maintained, the act of 1901 is silent in that regard. So, as to the third distinguishing feature, instead of providing that the damages shall be proportionate to the injury resulting from such death, to be divided among the persons entitled to the benefit of the action, the act of 1901 provides that the jury shall give such damages as they deem fair and just, and that the amount recovered in every such action shall be distributed to the parties and in the proportions provided by law in relation to the distribution of personal estate left by persons dying intestate.

We think the statute of 1901 can only be construed as creating an action for the benefit of the estate, the damages recoverable to be distributed as assets of the estate, not subject, however, to debts. The fact that the act does not in terms state that the action is for the benefit of the estate, or that the damages are such as result to the estate, or that the act provides that such damages are not to be subject to the debts of the deceased, does not authorize us, in effect, to read back into the statute a provision that the action is for the benefit of the beneficiaries, which provision the legislature has stricken out. To do so would be to disregard its action, and what seems to us to be its evident intent and purpose in the change made by it. Such seems to have been the view of the supreme court of West Virginia under a similar change made in the statutes of that state. "In *Railroad Co.* v. *Gettle*, 3 W. Va. 376, which was an action brought under chapter 98, p. 113, acts 1863, it was held that the declaration was fatally defective for the reason that it failed to aver that the decedent had a widow or next of kin. After that decision the statute was changed so as to provide that the amount recovered shall be distributed to the parties entitled under the law to the per-

sonal estate of the decedent; but it shall not be liable for his debts, instead of providing, as the statute then did, that the amount recovered shall be for the exclusive benefit of the widow and next of kin of the decedent. Since this modification of the statute, it has not been regarded as essential that the declaration should aver that the decedent had a widow or next of kin, or to mention his distributees by name, or otherwise, and I think such is the proper interpretation of the statute." *Searle's Admr.* v. *Kanawha*, 32 W. Va. 370, 9 S. E. 249. The theory on which allegation and proof of the existence of beneficiaries, and the damages sustained by them must be made, is that, as the statute names such persons as beneficiaries, and provides for their compensation, it follows that there must be proof to sustain the requirements of the statute. But where the statute is silent as to such persons, the reason for such allegation and proof no longer exists, since, as no persons are named as beneficiaries, the statute does not create a cause of action in favor of any designated persons, and as no persons are designated it follows that the damages to be recovered are not such as have been sustained by any particular persons, but are such as have been caused to the estate by reason of the death, to be distributed as provided by law to the persons entitled by law to such estate. This construction is in accord with that generally given to the statutes in the several jurisdictions which resemble our own, as shown in the cases already cited, and seems to us to correctly interpret both the language of the act and the intent of the legislature. We think, therefore, that it was not incumbent upon the plaintiff in this action to allege or prove the existence of beneficiaries, or the amount of damages suffered by them.

A commission was issued to Australia in this case to take the deposition of Hugh G. MacKenzie, the father of the deceased, upon interrogatories attached to the commission. The commissioner made due return of the commission according to law, with the answers of the witness thereto attached. The certificates of the commissioner, however, were as follows: "I, William Henry Cubley, do hereby certify that the foregoing answers of Hugh Gallie MacKenzie, the witness before named, were made in answer to Mr. Joseph Woolf, solicitor for Hugh Gallie MacKenzie, before me, and were sworn to and subscribed before me by the said witness." The appellant con-

tends that the trial court erred in receiving the deposition in evidence, since it appears from such certificate that the solicitor of the person beneficially interested in the case was present at the taking thereof, and that the answers of the witness were, as appears from such certificate, made in answer to such solicitor.    An examination of the original commission shows clearly that the answers made by the witness were not answers to independent questions propounded by such solicitor, but were answers to questions attached to the commission.    It would appear from the certificate of the commissioner that such questions were propounded by this solicitor; but the certificate shows that it was done in the presence of the commissioner, and that the answers were sworn to and subscribed by the witness before the commissioner.    We have no statute or rule of court that prohibits the presence of counsel at the taking of such a deposition.    We do not think a court should suppress a deposition because of the presence of counsel at the taking thereof, however undesirable or improper it may be for counsel to attend thereat, in the absence of some showing that the witness was influenced in some way thereby, with regard to the answers given by him.    In the case before us the solicitor present was the solicitor of the witness, and the fact that he read off to the witness the interrogatories contained in the commission, the answers thereto being given in the presence of the commissioner, does not warrant us in assuming that the witness was led thereby to answer the interrogatories untruthfully.  *Nutter* v. *Ricketts*, 6 Iowa, 92; *Farrow* v. *Commonwealth*, 18 Pick. 53, 29 Am. Dec. 564; *Commercial Bank* v. *Union*, 11 N. Y. 203; *New Jersey* v. *Nichols*, 32 N. J. L. 166.

It was further objected that the commissioner authorized to take the deposition of H. G. MacKenzie also returned in the same envelope containing such commission answers of one Adams to the same interrogatories propounded to MacKenzie; Adams not being a witness named in the commission.    The commissioner had no authority or power, whatever, to administer these interrogatories to the witness Adams; but inasmuch as no attempt was made by the plaintiff to introduce the answers of the witness Adams upon the trial, no harm resulted to the defendant from the action of the commissioner in that regard, and no error can be predicated to the trial court in that respect.

The jury found a verdict for the plaintiff for five thousand dollars. The appellant claims that this verdict should be set aside, as being excessive and evidently awarded by the jury under influence of passion and prejudice. As we have seen, under our view of the Arizona statute, the damages to be awarded are not damages to the beneficiaries, but to the estate. This question was clearly left to the jury upon the charge of the court, which correctly set forth the law in regard thereto. The evidence shows that the deceased was a mining engineer, a man twenty-seven years old, sober, industrious, and in good health, and that he was earning one hundred dollars a month. The statute provides that the jury shall give such damages as they deem fair and just, not exceeding five thousand dollars. Where there are no fixed rules to ascertain the amount of damages, the amount must be left to the sound sense and good judgment of the jury, upon all the circumstances of the case; and such verdict should not be set aside, unless it appears that the jury acted under some bias or prejudice, or other improper influence. Sutherland on Damages, 3d ed., secs. 1256, 1277; *Kansas* v. *Cutter*, 19 Kan. 83; *Railroad* v. *Spence*, 93 Tenn. 173, 42 Am. St. Rep. 907, 23 S. W. 211; *McDermott* v. *Iowa Falls Ry. Co.*, (Iowa) 47 N. W. 1037; *Rose* v. *Des Moines Valley Ry. Co.*, 39 Iowa, 246. Upon the evidence before us, we cannot say that the verdict of the jury as to the amount of damages sustained by the estate was excessive, or that the verdict was brought about by passion or prejudice; and we are, therefore, not justified in disturbing it.

We have examined the instructions of the court complained of by the appellant, but we find no reversible error in that regard. After the jury had retired to consider their verdict they came into court and requested further instructions of the court. The court re-read to the jury the entire instructions given to the jury by the court. In response to a question from a juror, the court stated that it could give the jury no further instructions. The appellant now claims that the court erred in not instructing the jury at the request of such juror. Our statute then provided: "No further instructions shall be given to the jury after the argument begins." Rev. Stats. 1901, par. 1410. The court, therefore, was simply following the statute in its refusal to give further instructions;

furthermore, it appears by the record that the counsel for appellant at the time objected to any further instructions being given to the jury. The remaining assignments of error are disposed of by the views we have expressed in regard to the nature of the action, under our statute.

We find no error in the record, and the judgment of the district court is affirmed.

SLOAN, J., and NAVE, J., concur.