[Civil No. 967.   Filed March 22, 1907.]

[89 Pac. 588.]

## ISMAEL T. DE AMADO, Defendant and Appellant, v. B. FRIEDMAN, Plaintiff and Appellee.

1. ACTION FOR WRONGFUL DEATH—PLEADING—COMPLAINT—SUFFICIENCY —DEMURRER—MAKE MORE DEFINITE AND CERTAIN—REV. STATS. ARIZ. 1901, PAR. 2765, CONSTRUED.—Under paragraph 2765, *supra,* providing for an action for wrongful death, which contains the following provision: "Every such action shall be brought by and in the name of the personal representative of such deceased person, and provided that the father . . . may maintain the action for the death of a child, . . . and the amount recovered in every such action shall be distributed to the parties and in the proportions provided by law in relation to the distribution of the personal estate left by persons dying intestate," a complaint alleging that plaintiff and his wife were the parents of a child killed through the negligence of the defendant, though it might be indefinite as to whether plaintiff sought to sue in a representative or personal capacity, is not so defective as to be reached by general demurrer, but the objection should have been taken by a motion to make more definite and certain.

2. SAME—TRIAL—INSTRUCTIONS TO JURY.—Where, in an action for wrongful death, suit being brought by the father and the complaint being slightly indefinite as to whether he sought to recover in a representative or personal capacity, but no objection was taken to said formal defect by motion to make more definite and certain, it was not error for the court to instruct the jury that the plaintiff brought the action simply as the representative of, and on behalf of, those entitled to share in the personal estate of the decedent. Such in-

structions do not tend to mislead the jury and do not deprive the defendant of any substantial right.

3. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUPREME COURT RULE 7, SUBD. 4—CONSTRUED.—An assignment of error "that the court erred in its instructions to the jury, that the questions whether or not the plaintiff was negligent or whether or not the deceased boy was negligent cannot be considered by them in the case," is not in accordance with subdivision 4, rule 7, *supra,* which reads as follows: "If the assignment of error be to the giving of instructions to the jury by the lower court, the appellant must state wherein the instruction complained of is erroneous in its statement of law applicable to the case or any fact or facts thereof."

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—NOT IMPUTED TO CHILD FOUR YEARS OLD.—An instruction that "the negligence of the decedent if he was negligent cannot be considered by you in this case, as the decedent was of such tender age that the law would not impute negligence to him," is sound as applied to the acts of an infant of four years and four months.

5. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — DEFENSE — EVIDENCE — BURDEN OF PROOF.—Contributory negligence is a matter of defense, the burden of establishing which is upon the defendant.

6. NEGLIGENCE — DEFENSE — CONTRIBUTORY NEGLIGENCE — MUST BE PLEADED—REV. STATS. ARIZ. 1901, PAR. 1277—CONSTRUED.—The defense of contributory negligence must be pleaded under paragraph 1277, *supra,* which provides that answer "shall consist of a concise statement of facts constituting . . . the defendant's ground of defense."

7. APPEAL AND ERROR—REVIEW—INSTRUCTIONS TO JURY—HARMLESS ERROR.—Where, in an action for wrongful death of a child, the court instructed the jury to consider the evidence as to the age of the child and expectancy of life, and form an estimate of the amount which the child would have saved from his earnings between the age of twenty-one and the time that he might reasonably be expected to live, the defendant cannot complain of the instructions on the ground that the child's estate is worth something at the time of his death if he never could have become of age, because if such contention of the defendant is true, then the above instruction, which was entirely proper, would have been too favorable for the defendant.

8. ACTION FOR WRONGFUL DEATH—INSTRUCTIONS TO THE JURY—MEASURE OF DAMAGES.—In action for wrongful death the following instruction fairly states the law to govern in the estimating of damages: "The plaintiff is entitled to recover for the benefit of the estate such damages as the jury may deem from the evidence and proofs as fair, and such compensation therefor, not exceeding the amount claimed in the complaint, considering what pecuniary benefit the estate of the deceased would have derived had he not been killed;

considering the probability of the child living and growing to manhood and obtaining property, which, upon his death, if intestate, would have passed to his legal representatives; considering the age, sex and health of the child, his expectancy and probability of living, his mental and physical vigor, and the probability of his accumulating property; considering, also, the position and life of the parents and of the expectancy of life which the child had; and from all these form an estimate of the amount which the child would have saved from his earnings between the time when he attained the age of twenty-one years and the date which he might reasonably be expected to live."

9. ACTION FOR WRONGFUL DEATH—DAMAGES $4,800 FOR LIFE OF CHILD NOT EXCESSIVE—REV. STATS. ARIZ. 1901, PAR. 2765, CITED.—Under paragraph 2765, *supra*, which gives an action for damages for death caused by the wrongful act of another, and limiting the amount to be recovered to $5,000, a verdict for $4,800 for action for death of a boy four years and four months old, who was shown to be healthy, strong and intelligent, is not excessive.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Affirmed.

The necessary facts are stated in the opinion.

Kingan & Wright, for Appellant.

Paragraph 2764, Revised Statutes of 1901, creates a new cause of action, which was not cognizable at common law. *Southern Pac. Co.* v. *Wilson,* 10 Ariz. 162, 85 Pac. 401. Under the statute, a father has no cause of action for the wrongful death of his child. A cause of action for the wrongful death of a child is created by statute, and the father is allowed to maintain it, but it is for the estate of the child. The father should maintain the suit as father, and in a representative capacity for the estate. The father has not been damaged under the law, and therefore he cannot set up any damages which accrued to him. Only the child's estate has been damaged, and the father should have alleged some damage to the estate, instead of damage to himself. *Southern Pac. Co.* v. *Wilson,* 10 Ariz. 162, 85 Pac. 401. Under similar statutes to ours, it has been held that the father cannot maintain the action in his own right for injuries done to himself by the loss of his child, but can only maintain it as the representative of his child's right. *Gann* v. *Worman,* 69 Ind. 462. We believe it to be the true rule

of pleading that one who sues in a representative capacity must allege such capacity, and bring the action in that right. *Buck* v. *Fischer,* 2 Colo. 182; *Beal* v. *Batte,* 31 Tex. 372.

"A petition should state the plaintiff's cause of action by distinct averments, and not leave it to the court to deduce the existence of one fact from the statement of another" (*Malone* v. *Craig,* 22 Tex. 609), under a provision similar to our paragraph 1277, Revised Statutes of 1901, providing that "the pleadings shall consist of a concise statement of the facts constituting the cause of action." The rule is stated in 4 Encyclopedia of Pleading and Practice, pages 605 and 606, as follows: "In a complaint, the necessary facts to constitute a cause of action must be stated in unequivocal language and not left to inference." It is not sufficient that some facts are stated from which others may be reasonably inferred which would make out a cause of action. *Scott* v. *Robards,* 67 Mo. 289; *Seligson* v. *Hobby,* 51 Tex. 147; *Crump* v. *Mims,* 64 N. C. 767; *Rogers* v. *City of Milwaukee,* 13 Wis. 610. We further insist that one suing in a representative capacity must directly and positively so allege, and not leave it to be inferred or presumed. This is likewise true as to the allegation of damages. Damages to an estate should not be inferred from an allegation of damages to an individual. "The parties to a suit must be set out in the declaration with certainty and accuracy, and the capacity in which they sue should be stated." 5 Am. & Eng. Ency. of Law, 1st ed., 353; *Watkins* v. *McDonald,* 3 Ark. 266; *Engles* v. *Day,* 3 Ark. 273; *Cole* v. *Peniwell,* 5 Black. (Ind.) 175; *Herf & Co.* v. *Shulze,* 10 Ohio, 263. The suit should be for damages to the *estate* of deceased. *Belding* v. *Black Hills etc. Co.,* 3 S. D. 369, 53 N. W. 750.

A. Orfila, and Worsley & Van Dyke, for Appellee.

The objection that the plaintiff has no legal capacity to sue cannot be raised under a demurrer assigning for ground that the complaint does not state sufficient facts to constitute a cause of action. 6 Ency. of Pl. & Pr. 323, citing numerous cases; and see *Mora* v. *Le Roy,* 58 Cal. 8; Bliss on Code Pleading, sec. 408a. Appellant asserts that a complaint is insufficient if it fails to allege that the estate has been damaged. It is not necessary to allege this, for the reason that when you allege facts which would have authorized the deceased,

if his injuries had not been fatal, to maintain an action for damages, you have alleged facts from which the law presumes damages. See, generally, *Korrady* v. *Lake Shore M. S. Ry. Co.*, 131 Ind. 261, 29 N. E. 1069; *Salem Bedford Stone Co.* v. *Hobbs*, 11 Ind. App. 27, 38 N. E. 538; *Kenney* v. *New York etc. R. R. Co.*, 49 Hun, 535, 2 N. Y. Supp. 512.

It is well settled that an infant of tender years is deemed in law not possessed of sufficient discretion to make it guilty of negligence for its failure to exercise due care for its own safety. *City of Evansville* v. *Senheim*, 151 Ind. 42, 68 Am. St. Rep. 218, 47 N. E. 634, 51 N. E. 88, 41 L. R. A. 728; *City of Chicago* v. *Hesing*, 83 Ill. 204, 25 Am. Rep. 378; *Chicago etc. R. R. Co.* v. *Becker*, 84 Ill. 483; *Wymore* v. *Mahaska County*, 78 Iowa, 396, 16 Am. St. Rep. 449, 43 N. W. 264, 6 L. R. A. 548; Shearman & Redfield on Negligence, 3d ed., p. 48, and note 1; 1 Bishop on Noncontract Law, sec. 586.

NAVE, J.—B. Friedman, the appellee, was the tenant of Ismael T. De Amado, the appellant. Upon Friedman's child, aged four years and four months, an adobe wall in the leased premises fell and instantly killed him. Friedman sued Mrs. De Amado for damages in the sum of $4,800, alleging that the falling of the wall was due to the negligence of the defendant. From a judgment upon a verdict for the full amount sued for, the defendant has appealed.

1. The first assignment of error is based upon the contention that the complaint does not state facts sufficient to constitute a cause of action. It is alleged in the complaint that plaintiff and his wife are father and mother of the deceased; that plaintiff, on a certain day, was defendant's tenant of the premises in question then owned by defendant; that the defendant wrongfully and negligently kept and maintained, and suffered to remain upon the premises, a certain adobe wall exposed and in a dangerous condition; that defendant knowingly maintained said adobe wall with utter disregard for persons living and doing business in and upon said premises, and knowingly and willfully suffered said wall to remain in said dangerous condition after being notified of the said dangerous condition of the said adobe wall; that without fault or negligence on the part of the decedent or the plaintiff the said wall fell upon and instantly killed the decedent; that by reason of the premises, and by virtue of paragraph 2764, Revised Statutes, a cause of action has arisen in favor of plain-

tiff against defendant for damages for the death of the said child; that said damages are $4,800. It is contended that this complaint must be construed as an attempted action for damages, accruing personally to the plaintiff by reason of the loss of his son, an action not maintainable either at common law or in Arizona, by statute; that it is not alleged that plaintiff sues in a representative capacity. The statute which creates an action for damages resultant from death caused by the tort of another provides (paragraph 2765, Revised Statutes of 1901): "Every such action shall be brought by and in the name of the personal representative of such deceased person; and, provided, that the father, . . . may maintain the action for the death of a child; . . . and the amount recovered in every such action shall be distributed to the parties and in the proportions provided by law in relation to the distribution of personal estate left by persons dying intestate." We have already held that such action is for the benefit of the estate of the decedent. *Southern Pacific Co.* v. *Wilson,* 10 Ariz. 162, 85 Pac. 401. By virtue of the proviso in the paragraph quoted, this action stands precisely upon the same footing as if it had been brought by the administrator of the deceased infant. Should A B institute such an action, stating that he is the administrator of the decedent, setting forth his tortious death, and alleging that by reason of the premises a cause of action has arisen in favor of the plaintiff for damages, the complaint would be obnoxious to precisely the same criticism that is urged against this complaint. Both in the complaint before us and in the hypothetical complaint all the facts are alleged which are necessary to disclose a right of action to the plaintiff in a representative capacity and the representative capacity is shown. Therefore it cannot properly be held that the complaint fails to state facts sufficient to constitute a cause of action. On the contrary, every essential fact is disclosed. It may be said to be indefinite whether the plaintiff seeks to sue in the representative capacity or whether he is attempting to sue in a personal capacity; but such defect of pleading is not reached by general demurrer. Under our practice it is reached by a motion to make definite and certain. No such motion was directed to this complaint; nor was special demurrer interposed. The appellant not having so urged her objections to the complaint, cannot now be heard to urge them. *Clark* v. *Morrison,* 5 Ariz. 349, 352, 52 Pac. 985.

2. It is next contended: "That the court erred in instruct-

ing the jury that the plaintiff brought the action simply as the representative of and in behalf of those entitled to share in the personal estate of the decedent, in this: the complaint shows upon its face that the action was not brought by Friedman in a representative capacity but in an individual capacity.'' But to hold this instruction erroneous requires us to hold that the plaintiff sought to maintain an action in his personal capacity, and to ignore the fact that the complaint discloses that the plaintiff was possessed of the representative capacity to sue. The court's instruction merely cured the slight but obvious omission of the complaint definitely, and specifically to aver that the plaintiff sues in the representative capacity which it is averred that he possesses. The defendant having waived this mere formal omission by not moving to cure it, cannot complain because the court gave the instruction which correctly placed before the jury the plaintiff's capacity to sue under the terms of the statute. Such an instruction could not and did not tend to mislead the jury, and could not and did not deprive the defendant of any substantial right.

3. The third assignment of error is: ''That the court erred in its instruction to the jury that the questions whether or not the plaintiff was negligent or whether or not the deceased boy was negligent could not be considered by them in the case.'' This assignment of error is not in accordance with subdivision 4 of rule 7 of this court, which reads as follows: ''If the assignment of error be to the giving of instructions to the jury by the lower court, the appellant must state wherein the instruction complained of is erroneous in its statement of the law applicable to the case or any particular fact or facts thereof.'' (8 Ariz. xi; 71 Pac. viii.) It is not disclosed in the assignment of error, or contended in the brief, that any fact or facts were developed upon the trial to which a contrary instruction would have been applicable or which makes these instructions harmful if in fact they are not sound in law. Furthermore the instruction which the court gave: ''The negligence of the decedent, if he was negligent, cannot be considered by you in this case, as the decedent was of such tender age that the law would not impute negligence to him''—is unquestionably sound as applied to the acts of an infant of four years and four months. See the authorities collected in 7 American & English Encyclopedia of Law, second edition, 405. Still further, contributory negligence is a matter of de-

fense, the burden of establishing which is upon the defendant. *Maricopa etc. R. Co.* v. *Dean,* 7 Ariz. 104, 108, 60 Pac. 871; *Southern Pac. Co.* v. *Tomlinson,* 4 Ariz. 134, 33 Pac. 710; *Lopez* v. *Mining Co.,* 1 Ariz. 464, 2 Pac. 748; *Santa Fe etc. R. Co.* v. *Ford,* 10 Ariz. 201, 85 Pac. 1074. By our statute it is provided that the answer "shall consist of a concise statement of the facts constituting . . . the defendant's ground of defense." Rev. Stats. 1901, par. 1277. It logically follows that the defense of contributory negligence must be specifically pleaded in order that it may be availed of; though it is probable that if the matter were before us, we should follow what appears to be the weight of authority, that if the plaintiff in his own case shows that his negligence contributed to the injury, he could not recover, although the defendant may not have pleaded contributory negligence as a defense. Subject to this exception the doctrine that contributory negligence must be specially pleaded as a defense seems to be established by the weight of authority. *Osborne* v. *Alabama Steel etc. Co.,* 135 Ala. 571, 33 South. 687; *Union Pac. Co.* v. *Tracy,* 19 Colo. 331, 35 Pac. 537; *Buechner* v. *New Orleans,* 112 La. 599, 104 Am. St. Rep. 455, 36 South. 603, 66 L. R. A. 334; *Hudson* v. *Wab. & West. R. Co.,* 101 Mo. 13, 14 S. W. 15; *Orient Ins. Co.* v. *N. P. Ry. Co.,* 31 Mont. 502, 78 Pac. 1036; *Smith* v. *Southern Ry. Co.,* 129 N. C. 374, 40 S. E. 86; *Strickland* v. *Cap. City Mills,* 70 S. C. 211, 49 S. E. 478; *Western Union Tel. Co.* v. *Wisdom,* 85 Tex. 261, 34 Am. St. Rep. 805, 20 S. W. 56; 5 Ency. of Pl. & Pr. 10.

It is not pleaded by answer in this case that either the plaintiff or the decedent contributed by his negligence to the decedent's death. Still further, ignoring the defect in the assignment of error and its presentation in the brief, upon a careful examination of all the testimony, it does not appear that the facts brought out by the plaintiff in making his case disclosed any negligence upon his part, so that the exception above noted cannot be invoked; nor, finally, was any evidence introduced on behalf of the defendant tending to show that the plaintiff was negligent. Therefore, in no aspect does the case call for a determination of the interesting question propounded by the appellant whether if the death of the infant was contributed to by the negligence of the father, that negligence could be imputed to the infant and interposed as a defense to an action brought under the statute by the father in a representative capacity.

4. It is next urged as error that the following instructions given by the court were erroneous:

"I instruct you that if you should find that the defendant is guilty of the wrongful act, as charged in the complaint, and that the same resulted in the death of the child, Leo Friedman, then the plaintiff is entitled to recover in this case, for the benefit of the estate, such damages as the jury may deem from the evidence and proofs, as fair and just compensation therefor, not exceeding the amount claimed in the complaint, and in arriving at your verdict, you should consider what pecuniary benefit the estate of said deceased would have derived, had said adobe wall not fallen upon him. You are to consider the probability of the said child living and growing to manhood and obtaining property, which the law, upon his death, if intestate, would have passed to his legal representatives; you are to consider the age and health of the child, his expectancy and probability of living, and his mental and physical vigor and the probability of his accumulating property. You are to consider the damages that the said child's estate has sustained."

"I instruct you, in ascertaining the amount of damages, you will consider the evidence as to the age and sex of the child who was killed; also the evidence, if any, of the position of life of the parents and of the expectancy of life which the child had, and from these form an estimate of the amount which the child would have saved from his earnings between the time when he attained the age of twenty-one years and the date which he might reasonably be expected to live. Such estimate will be the measure of damages in this case."

The appellant makes a contention, which, from her point of view, is unique, that the true rule is "that a child's estate is worth something at the time of his death, even if he never could have become of age." In the light of that criticism, the instructions were too favorable to the defendant, wherefore she should not complain. The assignment of error fails to specify any facts disclosed upon the trial by reason of which any expression in these instructions may be held to be inapplicable or misleading. In them the court recognized the well-known rule that the earnings of an infant, if any, are the property of his father, while the infant is under the father's care, and may not, as a matter of law, be held to increase his estate. We deem that they fairly and appropriately presented to the jury the matter involved in them.

5. The fifth and sixth assignments of error are practically disposed of by the consideration heretofore given to the first and second assignments.

6. The seventh and eighth assignments, insufficient under our rules, attempt to raise a consideration of the amount of the judgment. We have already said "the statute provides that the jury shall give such damages as they may deem fair and just, not exceeding $5,000. Where there are no fixed rules to ascertain the amount of damages, the amount must be left to the sound sense and good judgment of the jury upon all the circumstances of the case; and such verdict should not be set aside, unless it appears that the jury acted under some bias or prejudice, or other improper influence." *Southern Pac. Co.* v. *Wilson,* 10 Ariz. 162, 85 Pac. 401, 404. It is pointed out by appellant that the estate of a decedent, the continuance of whose life would be of the greatest conceivable value to his estate, could be compensated for the tortious death of such decedent in an amount at most $200 greater than the amount allowed by this jury to the estate of this infant. But the statute does not contemplate that the award shall be so ascertained by the jury as to take its proper place in a scale from unit to $5,000, based upon the ratios of the values of all conceivable persons to their estates ranging upward from a unit to a maximum. The maximum recovery fixed by statute is not the legislature's conception of the maximum value of the life of a human being to his estate, and is not so to be treated by the court or jury. On the contrary, it is rather a recognition that the value of the life of many a person to his estate is in excess of $5,000. The theory of the statute is to relieve defendants from a possible oppression from the consequences of their actions. If the value of the decedent's life to his estate is actually $10,000 it is as "fair and just," in the language of the statute, that the jury should fix the damages at $5,000 as in a case where the wife of the decedent was worth $100,000 to his estate. In the case before us, it is not so intrinsically improbable that the life of a "strong, healthy, intelligent" boy (as by the testimony he is disclosed to have been), aged four years and four months, should be worth $4,800 to his estate as to make it manifest from the fact as to the age alone that the jury was not fair and just in its verdict, but was influenced by passion or prejudice. Similar conclusions have been reached by other courts. *Houghkirk* v.

*D. & H. Canal Co.*, 92 N. Y. 219, 44 Am. Rep. 370, 28 Hun. 407; *Austin Rap. Tran. Ry. Co.* v. *Cullen* (Tex. Civ. App.), 30 S. W. 578; *Taylor etc. Ry. Co.* v. *Warner* (Tex. Civ. App.), 31 S. W. 66; *Walters* v. *Chicago etc. R. Co.*, 41 Iowa, 71; *Louisville etc. Ry. Co.* v. *Connor*, 9 Heisk. (Tenn.) 19; *Mason* v. *Southern Ry. Co.*, 58 S. C. 70, 79 Am. St. Rep. 826, 36 S. E. 440, 53 L. R. A. 913.

The judgment of the district court is affirmed.

KENT, C. J., and SLOAN and DOAN, JJ., concur.