## Union Pacific Railway Company, Appellant, v. Tracy, Appellee.

1. CONSTITUTIONAL LAW.

The statute providing that every railroad corporation within the state shall be liable for all damages by fire set out or caused by operating its line of road is constitutional.

2. PLEADING—CONTRIBUTORY NEGLIGENCE.

If the defense of contributory negligence is available in an action against a railroad company for damages by fire caused by operating its line of road, it cannot be invoked in the absence of an averment in the pleadings upon which it can be based.

3. PRACTICE.

Where there is no testimony tending to show contributory negligence on the part of the plaintiff, it is proper to withhold that question from the jury.

4. APPELLATE PRACTICE.

Error cannot be predicated upon the overruling of a challenge of a juror for cause, even if erroneous, if the record does not disclose that the party complaining exhausted his peremptory challenges before going to trial.

*Appeal from the District Court of Morgan County.*

THIS action is brought under the act of March 31, Session Laws of 1887, page 368, to recover damages resulting from fires alleged to have been caused by appellant in operating its railroad. Plaintiff below recovered a judgment from which the railway company prosecutes this appeal.

Messrs. TELLER, ORAHOOD & MORGAN and Mr. C. M. KENDALL, for appellant.

Mr. G. A. Garrard, for appellee.

Mr. Justice Goddard delivered the opinion of the court.

The main contention of apppellant is that the statute under which the action is brought is unconstitutional in that it deprives the railway company of its property without due process of law. This question was disposed of by the decision of this court in the case of the *Union Pacific Ry. Co. v. De Busk*, 12 Colo. 294, wherein the constitutionality of the statute is upheld.

It is further contended that the court erred in refusing to submit the question of contributory negligence to the jury· If the defense of contributory negligence is available in actions of this character it could not be invoked under the issues in this case. There is no averment in the pleadings upon which this defense could have been based. *D. & R. G. Ry. Co. v. Ryan*, 17 Colo. 98. And, furthermore, there is no testimony disclosed in the record tending to sustain such a defense, if it had been pleaded. The court below therefore properly refused to submit this question to the jury.

The error predicated upon the overruling of appellant's challenge of the juror S. D. Shumate for cause, is without merit. The record fails to disclose wherein appellant was prejudiced by the ruling of the court, even if it was erroneous. It does, however, appear that the juror was peremptorily challenged by appellant, but it does not appear that it had exhausted its other peremptory challenges. Upon this state of the record the ruling of the court did not constitute prejudicial error. *Minich v. The People*, 8 Colo. 440.

Upon a careful examination of the record we can find no error that will justify a reversal. The judgment is accordingly affirmed.

*Affirmed.*