Hurlbut, J.,
delivered the opinion of the court.
November 24,1909, plaintiff (appellee) filed her complaint against defendant. The complaint alleged in substance that plaintiff was the widow of Henry Gitzen; that on June 29, 1908, Henry Gitzen was in the employ of defendant as a house painter and decorator,.and under his instructions was on that day scraping the paint from the top of a passenger elevator in what is known as the Bailroad Building in Denver; that at the time of the accident he was on the roof of the elevator, engaged in scraping off the paint with a knife, and while so engaged, without warning to him the elevator suddenly started to rise toward the upper floors of the building; that by reason thereof he was unable to maintain his hold on the top of the cage and was thereby precipitated aijd thrown into the shaft of the adjacent elevator, with such force and violence and from such a height that he received cuts, wounds and bruises from the effects of which he died'the same day; that the injuries were caused by the carelessness and negligence of said defendant in this, to-wit: Defendant, having personal knowledge of the presence of Gitzen on top of the elevator, without warning or notice to him, recklessly, negligently and carelessly, and not in the exercise of ordinary care and prudence, ordered the pilot of said elevator, who was also the servant of said defendant, to transport him from the ground floor to one of the upper floors of the building; that said pilot immediately obeyed the order of defendant, set the machinery in motion, and caused the elevator to ascend to the upper floors of the building.
*40 The answer contained four defenses: (1) Denial of most of the allegations of the complaint; (2) that if Git-zen received the injuries alleged in the complaint, they were the result of the ordinary dangers and risks incident to his employment, and were assumed by him; (3) that if such injuries occurred, the tilne and manner of doing the work by Gitzen was in direct disobedience of the orders of defendant; (4) that if the injuries occurred to Gitzen as alleged, they were the result of his carelessness, negligence and recklessness.
The evidence in this case is not voluminous. The appellant earnestly insists that appellee failed at the trial to show by sufficient evidence the negligence charged against him in the complaint. The following is a brief resumé of the evidence, viz.:
The accident occurred Saturday, June 27,1908, about 4:30 p. m. A few days before Gitzen had been instructed by defendant to scrape the paint off the roof of the two elevators, -which were located side by side. One was generally used as a freight elevator, and operated by pulling on a rope. The passenger elevator was operated in the usual way by a lever. The power came from machinery situated in the basement. It was necessary for Gitzen to be on top of the elevator in order to do the work assigned to him by defendant. The freight elevator was not operated for carrying passengers on the day of the accident. The engineer, Seltzer, for about fifteen minutes before the accident, had been standing in front of the elevator talking to Gitzen, who was on top -of the same scraping off the paint. During this time the elevator had not been moved. Shortly after the engineer arrived at the elevator the defendant came in, passed by the front of the two elevators to the rear, and immediately returned, had a brief conversation with the engineer, and soon entered the elevator. The elevator at *41 once ascended, and while so doing, Gitzen fell from the roof into the adjoining shaft, and thence to the bottom. The statement of facts so far may be said to be uncontroverted. At this point, however, a decided conflict in the testimony takes place.
Defendant claims he did not see Gitzen on top of the cage, had no conversation with him, and did not know of his presence there.
As opposed to this the engineer testifies that before stepping into the elevator the defendant had a conversation with Gitzen, who was then on top of the cage. The elevator pilot, Kizer, testifies that just before he started the elevator, and while defendant was entering, he called to Gitzen, telling him he was going up, and that Gitzen replied, “All right. Go ahead.” The engineer testifies that no such conversation took place; that he had good hearing, and was within four or five feet of the elevator when it started to ascend. Though defendant was present at the time, he nowhere in his testimony affirms or denies that his pilot warned .Gitzen as stated. If the pilot gave the notice or warning, defendant must necessarily have heard it, or it is fair to assume he did, and, his interests being so deeply involved, it is passing strange that he did not verify the pilot’s warning, if true. A failure to do so left an apparent conflict between his testimony and that of the pilot. The defendant’s testimony that he “had no idea that anyone was on top of the elevator” is not consistent with the pilot’s evidence that, in the presence of defendant, he gave notice to Git-zen and received his reply, “All right. Go ahead.”
The disputed facts just stated must have been resolved by the jury in favor of plaintiff. The general rule is that all conflicting evidence upon material • facts 'is presumed to have been resolved by the jury in favor of the successful party.
*42 The defendant’s undisputed testimony is to the effect that a few days before the accident he instructed Gitzen to scrape or varnish and finish the top of these two elevators on Saturday afternoon or Sunday, telling him, in substance, that at such times but few trips were made by the elevators, and but few people were then in the building. It is clear then that defendant knew these elevators would be running at the time he instructed Gitzen to finish the tops, and that defendant’s purpose in selecting Saturday afternoon or Sunday for doing this work was because there would then be fewer passengers desiring to use the elevators, and consequently fewer trips would be made by them. This being the case, it became the unquestioned duty of defendant to exercise at least ordinary care in furnishing a competent and careful pilot for the elevators, and to take every reasonable precaution through such pilot to so operate the elevators while Git-zen was on top as to avoid injury to him. At the best it was a highly hazardous employment. There was but a small space on top of the elevator suitable for Gitzen to occupy while he was scraping the paint therefrom. It does not appear that any railing or other device was constructed on the top to prevent him from slipping' off. The evidence seems to show that Gitzen’s only protection against slipping from the top of the elevator was to grasp the cable, which was attached to the center of the cage. This he attempted to do when the elevator started, but failed. The highly dangerous position of Gitzen while scraping off the paint must have been so apparent to the defendant and elevator pilot that, in the exercise of the most ordinary kind of care, it would seem imperative that the raising or lowering of the elevator while Gitzen was so employed should in every instance have been immediately preceded by a clear notice or warning to him of the contemplated movement.
*43 It must Tbe conceded without dispute that, just before and at the time of the accident, Gitzen was working at the very time and place the defendant had instructed him to work, and doing the very thing he had instructed him to do, which makes it clear that he cannot be charged with negligence by reason thereof. There was some effort made to show that Gitzen had been drinking prior to the accident and was intoxicated at the time. The evidence in that behalf was weak and unsatisfactory. Even had it been conclusively shown that he had been drinking or was intoxicated at the time, there is not a word of testimony tending to show that by reason thereof he did anything or omitted to do anything which in any way contributed to the injuries received. In other words, drunkenness of itself is not negligence, unless it is shown that such a condition caused the accident, or in a measure contributed to the same.
We have searched the record critically, but fail to discover any evidence which tends to show Gitzen guilty of contributory negligence. For this reason we do not think defendant was entitled to an instruction upon that question. — U. P. Ry. Co. v. Tracy, 19 Colo., 331, 35 Pac., 537.
We will now give consideration to the érrors claimed in the giving and refusing of instructions.
Defendant tendered thirty-one instructions, of which twenty-eight were refused. We do not think there was any error in the court’s rulings in that behalf, for the reason that they either misstate the law, fail to properly define the law as applicable to the subject-matter of thé instruction, or assume facts within the exclusive province of the jury, or instructions given included the substance of those refused.
As to the instructions refused, a number were offered upon the question of contributory negligence, but *44 we do not think the court committed any error in exclud ing them, for the reasons already given. A number of the instructions refused also related to the question of assumed risk. There was no error committed in this. It is clear from the evidence that the injury was not caused by any of the risks which the deceased assumed.
While we recognize the well-settled rule that an employee assumes all risks which are ordinarily and naturally incident to the particular service in which he engages, it does not in any sense relieve the employer from the duty of using reasonable care in furnishing competent servants, reasonably safe machinery and appliances, and a reasonably safe place in which his employees are required to work, as well as using reasonable care to prevent injuries to his employees.
Some of the .refused instructions in terms instructed the jury as to whether or not the defendant, by himself or his employees, gave notice or warning to the deceased just prior to starting the elevator. The subject-matter of such instructions was fully and fairly included within the terms of instruction numbered 4, given by the court, which reads as follows:
“The court instructs the jury that if they find, by a preponderance of the evidence, that the deceased, Henry Gitzen, was, at the time of, or immediately prior to, the happening of the injuries complained of, occupying a position on the roof of the cage of the elevator owned, and operated by defendant, and that the defendant then knew of the presence of the said Henry Gitzen upon such elevator, and that at such time the defendant entered said elevator and requested or ordered the employee in charge thereof to take him to a higher floor, and that in consequence of such order or request said employee set the elevator in motion, without the defendant or said elevator employee first giving warning, or causing warn *45 ing to be given, to the said Henry Gitzen, so notifying Mm of-Ms intention to start the elevator, and by reason thereof, the said Henry Gitzen lost his footing on the roof of said elevator and was knocked or thrown down therefrom, in such wise to inflict injuries causing his death, then and in such event you will find' the issues herein joined for the plaintiff and against the defendant. ’ ’
Decided March 10, A. D. 1913.
Rehearing denied May 12, A. D. 1913.
The instructions given by the court, taken together, fairly presented to the jury the law applicable- to the evidence disclosed by the record, and substantially included all phases of the case which were proper subjects for instruction.
We discover no reason disclosed by the record, justifying a reversal of the judgment. The same will be affirmed.