[Civil No. 1457.   Filed July 7, 1915.]

[149 Pac. 1065.]

BELLE BEHRINGER, Administratrix of the Estate of FRED A. BEHRINGER, Deceased, Appellant, v. INSPIRATION CONSOLIDATED COPPER COMPANY, a Corporation, Appellee.

1. DEATH—ACTION FOR WRONGFUL DEATH—PLEADING—DEFENSES.—In an action by the personal representative of a deceased employee to recover for his death, brought under Civil Code of 1913, title 23, entitled "Injuries Resulting in Death," commonly known as Lord Campbell's Act, the employee's election to accept compensation under the Workmen's Compensation Act (Civ. Code 1913, tit. 14, c. 7), in force at the time of his death, was defensive matter, and, if not raised by plea or answer, might be waived by the defendant.

[As to right to and effect of election with respect to acceptance of provisions of Workmen's Compensation Act, see note in Ann. Cas. 1915C, 308.]

2. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—RIGHT OF
   ACTION—CONSTITUTIONAL PROVISIONS.—Under Constitution, article
   18, section 8, commanding the legislature to enact a Workmen's
   Compensation Law by which compulsory compensation. should be
   paid to any such workmen for personal injury to such workmen,
   provided that it should be optional with the employee to settle for
   such compensation or to retain the right to sue the employer as pro-
   vided by the Constitution, the theory upon which the compensation
   law was to operate was that of contract by and with the employee's
   *personal* consent, and the legislature was thereby limited to provid-
   ing compensation to a workman in case he, personally, should elect
   to accept it; and hence, where a workman had not in his lifetime
   made election to settle for the compensation provided thereby, his
   rights thereunder died with him, and his personal representative
   ●ould not maintain an action thereunder, but was relegated to an
   action for damages sustained by his estate by reason of his death
   under Civil Code of 1913, title 23, or to an action under Employers'
   Liability Act (Civ. Code, 1913, tit. 14, c. 6).

APPEAL from a judgment of the Superior Court of the
County of Gila. G. W. Shute, Judge. Reversed and re-
manded, with instructions to overrule defendant's demurrer.

Mr. Norman J. Johnson and Mr. George R. Hill, for
Appellant.

Mr. Edward W. Rice, for Appellee.

ROSS, C. J.—Appellant, as plaintiff, instituted this action
against appellee defendant for damages for the death of her
intestate while working as employee of defendant in its
mines. The action is based upon the negligence of defend-
ant. It is brought by plaintiff as the personal representative
of the deceased. A general demurrer to the complaint was
sustained, and, the plaintiff electing to stand on her com-
plaint, judgment was entered that she take nothing, and that
the action be dismissed. The correctness of the court's ruling
on the demurrer is challenged by plaintiff on this appeal.

The purpose of the plaintiff, as evidenced by the allegations
of her complaint, was to set forth facts sufficient to entitle
her to recover under the provisions of title 23 of the Civil
Code, entitled "Injuries Resulting in Death," commonly
known as Lord Campbell's Act. The question is not so much
as to whether she has stated sufficient facts to constitute a

cause of action under said act, but whether she has the right to sue under that act, because of other provisions of the law. It is claimed by defendant the right of action resulting from the death of plaintiff's intestate is contractual in its nature and exclusive of every other remedy because at the time of the employment of the intestate and of the fatal injury the Workmen's Compulsory Compensation Act (chapter 7, tit. 14, Civil Code) was in effect, and, as neither the employer nor employee had repudiated its provisions, it was binding on all concerned, including the personal representative of the deceased workman.

The complaint is silent as to whether the employer and employee disaffirmed the provisions of the Workmen's Compulsory Compensation Act as therein provided or not. Paragraph 3176, Civil Code. If there was a disaffirmance, then, of course, there was no contractual understanding between them as to how claims for injury or death could be settled. If the omission to allege a disaffirmance was a defect, fatal to the plaintiff's cause of action, the general demurrer should have been sustained. But, in the absence of such an allegation, should the court assume, as a matter of law, that there was no repudiation of the provisions of the Compensation Act, or that the employee had elected to pursue that remedy, or, rather, are not these matter of fact to be raised by plea or answer? It is evident that the defendant might be in a position to insist upon a settlement of the damages claimed, under the Compensation Act, and yet waive that right. For instance, after an election by the employee to accept compensation in such a manner as to be bound, the employer might choose to take chances in a contest for damages for negligence if sued therefor, by the employee, and be within his rights. We therefore are of the opinion that, if there was an election to accept compensation, that fact is defensive matter, and, if not raised by plea or answer, may be waived by defendant. It follows that the general demurrer should have been overruled.

There is another reason why the demurrer should not have been sustained. The Compulsory Compensation Act, *supra,* was passed by the legislature in response to the mandate contained in section 8, article 18, of the Constitution. That section reads:

"The Legislature shall enact a Workmen's Compulsory Compensation Law applicable to workmen engaged in manual or mechanical labor in such employments as the Legislature may determine to be especially dangerous, by which compulsory compensation shall be required to be paid to any such workman by his employer, if in the course of such employment personal injury to any such workman from any accident arising out of, and in the course of, such employment is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof, or by failure of such employer, or any of his or its officers, agents or employee or employees, to exercise due care, or to comply with any law affecting such employment: Provided, that it shall be optional with said employee to settle for such compensation, or retain the right to sue said employer as provided by this Constitution."

Before looking to what the legislature did or attempted to do, under this command, we should determine what it had the power to do. The command to it was to pass a law "by which compulsory compensation shall be required to be paid to any such workman" for "personal injury to any such workman," leaving it optional with the workman (employee) "to settle for such compensation or retain the right to sue said employer as provided by this Constitution." The legislature is limited by this constitutional mandate to providing for payment of compensation to the workman in case he should elect to accept it. The theory upon which the compensation law is made operative is one of contract and consent, at least so far as the employee is concerned, and this means a personal consent. We held in the case of *Consolidated Arizona Smelting Co.* v. *John Ujack*, 15 Ariz. 382, 139 Pac. 465, that such consent may be given after the injury is inflicted.

We do not think the legislature possessed the power to enlarge the mandate of the Constitution so as to authorize the personal representative to impose on his heirs and dependents a remedy made by the Constitution open to the workman only. If the workman prior to his death should elect to settle for compensation, and thereafter die pending the settlement with the employer, the personal representative doubtless could enforce the contract, as he could any other contract of his intestate. The remedy under the constitutional provision for

compensation is restricted, as we see it, to the workman, and the legislative power under the mandate is limited to legislation for its efficient enforcement by him, or his personal representative, in case he dies after electing to accept compensation. Unless there was an election of this remedy in his lifetime by the deceased, the personal representative cannot maintain the action for compensation; it being a condition of the right to maintain such a suit against the employer that the employee should himself elect that remedy. The employer is entitled to insist, after an election by the employee, upon settlement for compensation, but, when the workman dies without making such election, his rights thereunder die with him. His personal representative is then relegated to an action for damages sustained by his estate by reason of his death under the so-called Lord Campbell's Act (title 23, *supra*), or an action under the Employers' Liability Act (chapter 6, title 14, Civil Code), according as his facts fall within the one or the other.

It will be seen from what we have said that the attempt of the legislature to enlarge the scope of the constitutional mandate (section 8, article 18) so as to afford the remedy therein mentioned to the personal representative or heirs or dependents of the deceased workmen in the absence of an election by the workman to accept compensation, is beyond the power and authority of the legislature, and of no avail. The enactment, in so far as it provides a remedy to the workman, is within the terms of the constitutional mandate, and a proper exercise of the legislative grant of power. Section 8, article 18, is declarative of a principle; that principle being that the employee injured should at his option take compensation from the employer when the injury was occasioned under any of the circumstances enumerated, and legislation in aid of the enforcement of that principle was enjoined upon the legislature, but it was not directed to create rights and liabilities outside of the purview of the mandate.

We conclude that the Workmen's Compulsory Compensation Act has no application to the state of facts before us as presented by the complaint and demurrer; that if, as a matter of fact, the deceased after the injury, and before his death, elected to accept compensation under that act, it is matter of defense to be raised by plea or answer, and that the

remedy is personal to the workman, he only having the right to elect so as to make such election binding on him and his personal representative.

The judgment is reversed and case remanded, with direction to overrule the defendant's demurrer.

FRANKLIN, J., concurs.

CUNNINGHAM, J., Concurring.—Appellant assigns the order of the court sustaining a general demurrer to her complaint as grounds for a reversal. The complaint alleges that on the twenty-eighth day of May, 1914, plaintiff's intestate, Fred A. Behringer, was employed by the defendant in and about its mining operations, and in the course of the performance of the duties of his employment he suffered injuries through the negligence and carelessness of defendant, which resulted in his death, and that plaintiff was duly appointed and is the duly appointed, qualified and acting administratrix of his estate; that said intestate was the head of a family consisting of his wife, this plaintiff, and three minor children dependent upon him for support, which family survives.

The negligence causing the injuries and death of said Fred A. Behringer, for which a recovery is sought, is described and set forth in the complaint, as follows:

"That the said defendant and its employees working in and about the said mine, having charge of and using the system signal for the operation of said cage in said mine, were not, and had not, used the mining system of signals provided and required under and by virtue of paragraph 4074 and paragraph 4088 of the Revised Statutes of Arizona of 1913, and, although the defendant maintained at and about their said mine a signal apparatus consisting of, among other things, of a bell actuated by a cable and kept posted about the said mine the aforesaid code signal, the defendant willfully, carelessly and negligently directed, permitted and commanded its said employees to disregard the code of legal system of signaling adopted by the defendant, and said defendant having negligently, carelessly and wrongfully failed to warn or instruct said miners as to the system of signaling, it was then and there and had been using, and said miner, or miners, being

then and there confused by the code system of signaling apparently being then and there enforced in said mine, rang the bell to signal and to indicate that they were then and there on the 600-foot level in the defendant's said mine, and that the engineer then and there operating the hoist, cable, and cage used in defendant's said mine at the said time negligently and wrongfully assumed that such signal was according to the system of signaling so negligently, wrongfully, and carelessly used by the defendant, and thereupon, pursuant to such signal, negligently released the said cage and let it drop down and through said shaft from the 300-foot level, thereby catching, crushing, and killing the said Fred A. Behringer, deceased, as above set forth.''

That is, that the method of signaling adopted and used by the defendant differed from the prescribed method of code signaling posted about the mines, and for that reason was confusing, dangerous and hazardous to the employees then employed by defendant, and such danger from such conditions was known to the defendant, hence the carelessness and negligence and resultant injury, demanding damages in the sum of $30,000.

The complaint sets forth a cause of action for damages resulting from the death of Fred A. Behringer by the wrongful or negligent act of appellee, Inspiration Consolidated Copper Company, under title 23 of the Civil Code of Arizona of 1913, provided such statute is enforceable at the suit of the personal representative, as a law of the state of Arizona, in such case. So far as this appeal is affected, appellee seems to concede that a cause of action is stated under said statute, but contends in all earnestness that this record squarely presents for decision two questions:

''(1) Can the personal representative of a workman who meets his death while working under the Compensation Act (chapter 7, title 14, Civil Code of Arizona 1913), maintain an action for damages against his employer under the old statute giving a right of action for death by wrongful act or negligence?

''(2) Does the Liability Law (chapter 6, title 14, Civil Code of Arizona 1913) give a right of action for injury or death caused by negligence?''

Appellee's contention, as expressed in its brief, is as follows:

"Were it not for the Compensation Act, plaintiff would unquestionably have a right to maintain an action for the death of Behringer, assuming that Behringer's death was caused by the negligence of the defendant or its servants. Our contention is that the Compensation Act, because the optional plan provided in it, was designed to, and did, work a fundamental change in the basis on which settlement for industrial accidents should be made. Although it is compulsory in name only, because by its terms it may be repudiated freely before the accident by either employer or employee and after the accident by the employee, nevertheless, in the absence of such repudiation, it is as binding on all concerned, including the personal representative of the deceased workman, as if it were truly compulsory. When so binding, it furnishes the sole measure of the rights of the claimant and the liability of the employer.

"(1) Can the personal representative of a workman who meets his death while working under the Compensation Act maintain an action for damages against his employer under the Arizona Lord Campbell's Act?"

I answer, emphatically and unhesitatingly, Yes; he may, if the death was caused by the wrongful act, neglect or default of the employer, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof. Paragraph 3372, Civil Code of Arizona of 1913 (Lord Campbell's Act).

In the first place, the question, "Can the personal representative of a workman who meets his death while working under the Compensation Act maintain an action for damages against his [the] employer under the Arizona Lord Campbell's Act?" wholly leaves out of view the condition precedent to the maintaining of the action under the Lord Campbell's Act, viz., that the wrongful act, neglect or default causing the death must be such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof. In other words, under the Lord Campbell's Act a person denominated a "personal representative" is given a right of action against the person,

etc., who wrongfully caused the death of a person repre-
sented, in all cases where the deceased person could have main-
tained a common-law action for negligent injury in his own
right had death not ensued.   Such personal representative,
therefore, cannot maintain an action under the Lord Camp-
bell's Act in cases where the deceased could not, at the time
of his death, have maintained a common-law action for negli-
gence.   Under the Lord Campbell's Act, these conditions
existing, such personal representative is given a new·cause
of action, and such cause of action does not exist prior to
the death of the person injured.   *Southern Pacific Co.* v.
*Wilson,* 10 Ariz. 162, 85 Pac. 401; *De Amado* v. *Friedman,*
11 Ariz. 56, 89 Pac. 588; *Brown* v. *Chicago & N. W. R. Co.,*
102 Wis. 137, 44 L. R. A. 579, 77 N. W. 748, 78 N. W. 771;
and many other cases that may be found in the reports.   In
such case the personal representative is not acting in the rep-
resentative capacity in commencing and prosecuting such
action, but he is acting in such matter as the real party in
interest, and may prosecute such action as such party to a
finality.   In such capacity the personal representative is given
the right to prosecute such an action so arising.   The per-
sonal representative may refuse to settle for the compensa-
tion allowable to the workman by the Compensation Act, as
the workman could refuse to settle.   The personal represen-
tative can, as the workman could, choose to retain the right
to sue the employer under the Liability Act, by express terms
of paragraph 3166 of the Civil Code of Arizona of 1913, chap-
ter 7, title 14.   Under authority of the last proviso of para-
graph 3176 of the Civil Code of Arizona of 1913, page 1063,
"if, after the accident, either the employer or the workman
shall refuse to make or accept compensation under this chapter
or to proceed under or rely upon the provisions hereof for
relief, then the other may pursue his remedy or make his
defense under other existing statutes, the state Constitution,
or the common law, except as herein provided, as his rights
may at the time exist.   Any suit brought by the workman for
recovery shall be held as an election to pursue such remedy
exclusively."   Appellee contends that this proviso limits the
right of election of remedies to the workman, and such act
cannot be performed by the personal representative.   We

cannot wholly agree with this contention, for the reason paragraph 3166, *supra,* a part of the same chapter with paragraph 3176, recognizes the right of the personal representative to refuse to settle for such compensation as provided by the chapter (the Compensation Act), and elect to sue the employer under the Liability Act (chapter 6 of title 14). But the proviso is dealing with the right of the injured workman and the employer as they exist after the accident, and gives the injured workman at that time the right to refuse the compensation provided, and pursue his remedy under other existing statutes, the state Constitution, or the common law. Clearly, the reference to the pursuit of his (the injured workman's) remedy under "other existing statutes" means nothing less than chapter 6 of title 14 (the Liability Act), as contended by appellee. The injured workman is given a remedy for accidents causing personal injury by said statute, and by no existing statute other than such and the compensation statute, which he may refuse to accept. He is given the right, if he so elect, to pursue his remedy given by the "state Constitution, or the common law." Clearly, reference here is made to the common-law action for negligent personal injury. Section 6, article 18, of the state Constitution, perpetuates the common-law action to recover damages for personal and other injuries inflicted negligently. That action is essentially founded upon injuries inflicted by the negligence of another. Clearly, his personal representative cannot refuse the compensation provided by the Compensation Act and elect to retain the right to pursue the injured workman's remedy under the common law for negligence, for damages for personal injuries, because "no action for damages for an injury to a freeman which results in death will lie, except by force of statute, on the well-settled principle that a personal cause of action dies with the person." 1 Cyc. 688, citing from Broom's Legal Maxims, 904. "*Actio personalis moritur cum persona,*" and numerous other authorities.

The personal representative, then, has the right by statute (chapter 7, title 14) to refuse to accept the compensation provided by the Compensation Act, and pursue the decedent's remedy under the Liability Act. Paragraph 3166, Civil Code of Arizona 1913. Such cause of action as the injured work-

man had under the Liability Act survives to his personal representative, and such personal representative may pursue the remedy thus given. The cause of action prescribed by the Liability Act is described as follows:

''When in the course of work in any of the employments or occupations enumerated in the preceding section, personal injury or death by any accident arising out of and in the course of such labor, service and employment, . . . is caused to or suffered by any workman engaged therein, in all cases in which such injury or death of such employee shall not have been caused by the negligence of the employee killed or injured, then the employer of such employee shall be liable in damages to the employee injured, or, in case death ensues, to the personal representative of the deceased for the benefit of the surviving widow or husband and children of such employee; and, if none, then to such employee's parents; and, if none, then to the next of kin dependent upon such employee; and, if none, then to his personal representative, for the benefit of the estate of the deceased.'' Paragraph 3158, Civil Code of Arizona 1913 (Liability Act).

By paragraph 3154 (Liability Act) the employer is declared to be ''liable for the death or injury, caused by any accident due to a condition or conditions of such occupation, of any employee in the service of such employer in such hazardous occupation, in all cases in which such death or injury of such employee shall not have been caused by the negligence of the employee killed or injured.'' In such case the employer liable for such death or injury becomes liable, by paragraph 3158 (Liability Act), in damages to the employee injured, or, in case death ensues, to the personal representative. Thus, in such case, that is, when the death or injury results from any accident due to a condition or conditions of the occupation of any employee engaged in an occupation declared to be hazardous, a cause of action arises to the employee or in case death ensues, to his personal representative, for damages caused by such death or injury, unless such accident was caused by the negligence of the employee killed or injured.

The appellee contends that this statute does not make the cause of action provided for depend upon the existence of

negligence. Of this we are not required to consider, and I express no opinion on that question. I have no hesitancy in advancing the argument to the effect that this liability statute requires the master employing servants in hazardous occupations to assume the burden of the risk of death or injury of the servant by any accident due to a condition or conditions of such occupation. To recover in such cases the injured employee, or, in case of his death, the personal representative, would be *prima facie* entitled to recover by alleging and proving that the accident causing the injury or death arose out of, and was due to, a condition or conditions of a hazardous occupation in which the injured employee was at the time engaged in the performance of the duties required of his employment, and was not caused by his negligence. The statute shifts the burden of assuming the risk of any accident in such cases from the employee to the employer. In this respect the employer, as a matter of law, will be held to bear the burden of such risk when the conditions are present, in the same manner and to the same extent as the employee was required to bear it under the old common-law rule, who was deemed to have assumed the risk of personal injury while engaged in all hazardous occupations when the dangers incident thereto were known to him or evident and capable of being readily determined. Therefore the cause of action created by the Liability Act is a new cause of action unknown to the common law and depending entirely upon the statute. The cause of action so created is given the employee, and in case of his death ensuing from the injuries received or from any other cause, the said cause of action survives his death, and may be prosecuted by his personal representative, not as a cause of action given the personal representative, as is provided by the Lord Campbell's Act, but as a continuation of the injured employee's cause of action. Either of the two actions may be commenced and prosecuted by the personal representative after the injured employee's death, but prior to their satisfaction they in no way resemble or conflict. The one action is given the personal representative as an original action; the other is given the injured employee, and in case of his death the personal representative may enforce or continue the enforcement of

the remedy, thus representing, in fact, the decedent's rights, and enforcing his remedies. The first exists by force of title 23 (Lord Campbell's Act), and paragraph 3376 of that act provides: "Nothing in this title shall be deemed to affect or modify any statute now existing or hereafter passed, relating, to employer's liability or compulsory compensation to workmen"—thereby expressing the legislative intention that the Lord Campbell's Act, the Employers' Liability Act and the Workmen's Compulsory Compensation Act shall all stand as laws. If their provisions conflict, then, of course, the remedies given may conflict in certain cases, but in such 'event the right given by one statute is cumulative of the right given by the other in cases of conflict of remedies. The liability statute limits the right to recover damages for personal injuries to any employee, or, where such injuries have resulted in his death, to a recovery in actions brought against any employer "under and by virtue of any of the provisions of this chapter." Paragraph 3159, c. 6, tit. 14. Under chapter 7, title 14, Employees' Compensation Act, the employer is made liable to pay the compensation "at the rate and in the manner hereinafter set out in this chapter." Paragraph 3169. Paragraph 3179 provides:

"Nothing in this chapter shall be deemed or taken to repeal or affect in any way any other acts or laws passed by the first legislature of the state of Arizona, and in so far as [it] refers to the same subject in other acts it shall be deemed to be cumulative only."

Neither the Liability Act nor the Compensation Act, therefore, abridges the rights of the personal representative to pursue the remedy given him by title 23, the Lord Campbell's Act. This is clear from the frequent reference in both acts to the limitation of that which is authorized by the chapters 6 and 7 to the acts as done or authorized to be done "under this chapter," as the case may be. *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190, 5 L. R. A. 667, 22 N. E. 766. Such frequent reference to "this chapter" clearly indicates the intention of the legislature to give certain additional remedies as did not otherwise exist, and limit such remedies to the circumstances prescribed "in this chapter."

I have no hesitancy in holding that the personal representative of Fred A. Behringer has a right of action against the

appellee under the facts stated in his complaint, and that right may be enforced as prescribed by title 23 of the Lord Campbell's Act, notwithstanding chapters 6 and 7 of title 14, the Employers' Liability Act, and the Employee's Compulsory Compensation Act.

The trial court erred in sustaining the demurrer to the complaint for said reasons, and the judgment ought to be reversed and the cause remanded, with instructions to overrule the demurrer and proceed according to law.

On Workmen's Compensation Acts generally, see note in **L. R. A.** **1916A, 23.**