[Civil No. 2372.    Filed October 17, 1925.]

[240 Pac. 277.]

ANNA H. PROOPS, as Executrix of the Estate of HARRY PROOPS, Deceased, Appellant, v. TWOHEY BROTHERS, a Corporation, Also Known as TWOHY BROTHERS, Appellee.

1. MASTER AND SERVANT—WIDOW AND CHILDREN NOT ENTITLED TO COMPENSATION INSTALLMENTS NOT DUE AT DEATH OF EMPLOYEE OVER SIX MONTHS AFTER ACCIDENT.—In view of Civil Code of 1913, paragraph 3170, subdivision 3, as to compensation of widow and minor children of deceased employee, they are not entitled to

---

1. Payment to or release by employee as affecting right of dependent, under Workmen's Compensation Acts, see note in **L. R. A.** 1916A, 135.

compensation installments not yet due, under subdivisions 1 or 2, relating to compensation of workman only, at latter's death over six months after accident.

2. MASTER AND SERVANT — PERSONAL REPRESENTATIVE OF DECEASED WORKMAN NOT ENTITLED TO ELECTION UNDER COMPENSATION ACT. Civil Code of 1913, paragraph 3170, subdivision 3, does not authorize personal representative of workman, dying within six months after accident, without having elected between compensation under Compensation Act and action at law, to demand settlement under such act, as right of election can be exercised only by workman, and, if not used, dies with him.

3. MASTER AND SERVANT—EMPLOYER NOT LIABLE FOR COMPENSATION FOR DEATH OVER SIX MONTHS AFTER ACCIDENT.—Civil Code of 1913, paragraph 3173, authorizing injured workman or his personal representative, in case of death, to sue for compensation "herein provided" within year after accident or nonpayment of installment theretofore fixed by agreement or otherwise, if employer fails to pay compensation "as in this chapter provided" for stated time, does not make employer liable for compensation for death of workman over six months after accident, but merely fixes time for action to recover compensation allowed by other provisions of chapter.

4. MASTER AND SERVANT—RECOVERY BY WORKMAN'S PERSONAL REPRESENTATIVE LIMITED TO AMOUNT DUE AT DEATH.—Injured workman's election to take, and employer's agreement to pay, compensation for total incapacity, which he did for sixteen months, consummated contract, enforceable by workman's personal representative after his death, but entitling workman to compensation during total incapacity only, thus limiting personal representative to recovery of amount due and unpaid at his death, so that, if all that was due up to such time is paid, no cause of action survives.

5. MASTER AND SERVANT—COMPENSATION TO WIDOW AND CHILDREN NOT AFFECTED BY PAYMENTS TO EMPLOYEE UNTIL HIS DEATH.—Compensation payable to deceased workman's personal representative for benefit of his widow and minor children under Civil Code of 1913, paragraph 3170, subdivision 3, is separate and distinct from that allowed employee himself under sections 1 and 2, and amount is not affected by fact that he received compensation until his death, though it equals maximum allowed in any one case.

5. On right of personal representative to compensation that was being paid to dependent or employees, see note in L. R. A. 1918F, 563.

6. MASTER AND SERVANT—STATUTE DETERMINES RIGHT TO COMPENSA-
    TION.—Right to compensation `for employee's death, being of
    purely statutory creation, court must look to terms of Compensa-
    tion Act to determine whether right exists.

See (1) Workmen's Compensation Acts, **C. J.**, p. 132 (Anno.).
(2) Workmen's Compensation Acts, **C. J.**, p. 138 (Anno.). (3)
Workmen's Compensation Acts, **C. J.**, p. 99 (Anno.). (4) Work-
men's Compensation Acts, **C. J.**, p. 132 (Anno.). (5) Workmen's
Compensation Acts, **C. J.**, p. 99 (Anno.). (6) Workmen's Compen-
sation Acts, **C. J.**, p. 99 (Anno.).

APPEAL from a judgment of the Superior Court
of the County of Maricopa. Dudley W. Windes,
Judge. Affirmed.

Mr. James P. Lavin and Mr. Frank J. Duffy, for
Appellant.

Mr. Samuel White and Mr. Robert McMurchie, for
Appellee.

McALISTER, C. J.—On November 12, 1922, Harry
Proops, while in the discharge of his duty as an em-
ployee of Twohey Brothers, a corporation, received in-
juries from which he died about eighteen months later,
to wit, on June 8, 1924. After the accident, Twohey
Brothers paid him, under the provisions of the Work-
men's Compensation Act, $87.50 a month from De-
cember, 1922, to May, 1924, or a total of $1,456.34,
and he accepted the payments. Following his death
no further payments were made, and his widow,
Anna H. Proops, as executrix of his will, filed suit on
July 31, 1924, for $2,543.66, upon the theory that she
as his personal representative was entitled to that
amount; it being the difference between the sum paid
and $4,000, the maximum amount payable under the
provisions of the Workmen's Compensation Law
(Civ. Code 1913, pars. 3163–3179). A demurrer to
the complaint was sustained, and the plaintiff elected

to stand thereon, whereupon judgment for the defendant was entered, and from it the plaintiff appeals.

There are only two assignments: The first being that the court erred in holding that the six months' limitation set forth in subdivision 3 of paragraph 3170 of the Revised Statutes of 1913 (Civ. Code) was a bar to an action by the appellant as the personal representative of Harry Proops, deceased. This was based upon the contention that—

"there had been a contract accepted by the appellee and carried out for a period of fifteen months prior to the death of appellant's testate, and that the reasons for the execution of that contract were still in existence after the death of appellant's testate, and that the conditions of said contract were of such a nature as to take it outside of the provisions of paragraph 3170 referred to above."

Appellee contends, however, and the trial court evidently agreed with this view, that the Compensation Law makes no provision for the payment of compensation to the personal representative of a workman, unless he dies from the injury within six months from the date thereof.

Paragraph 3170, referred to in the assignment, provides that, when an injury is received by a workman engaged in service designated by the act as dangerous, for which the employer is made liable, that—

"the measure and amount of compensation to be made by the employer to such workman or his personal representative for such injuries, shall be as follows."

Then appear these three subdivisions:

"(1) If the injury by accident does not result in death within six months from the date of the accident, but does produce or result in total incapacity of the workman for work at any gainful employment for more than two weeks after the accident then the com-

pensation to be made to such workman by his employer shall be a semimonthly payment commencing from the date of the accident and continuing during such total incapacity," etc.

"(2) In case (1) the accident does not wholly incapacitate the workman from the same or other gainful employment; or (2) in case the workman, being at first wholly incapacitated, thereafter recovers so as to be able to engage at labor in the same or other gainful employment, thereby earning wages, then in each case the amount of the semimonthly payment shall be," etc.

"(3) When the death of the workman results from the accident within six months thereafter, and the workman, at the time of his death, leaves a widow, and a minor child or children, dependent on such workman's earnings for support and education, then the employer shall pay to the personal representative of the deceased workman for the exclusive benefit of such widow and child, or children, a sum equal," etc.

It will be observed that these subdivisions divide the injuries for which compensation shall be paid into three classes: The first includes those which result in total incapacity for more than two weeks and death, if at all, after six months from the injury; the second, those that result in partial incapacity; the third, those that result in death within six months from the date of the accident. Under a provision applying to each class, the total amount paid in any one case shall not exceed the sum of four thousand dollars.

It is clear from subdivision one that, when an employee is totally incapacitated for more than two weeks, he is entitled to compensation during the period of his incapacity, and, though this condition continues indefinitely, his right thereto does not cease until he has been paid a total sum of four thousand dollars. But, if he die from the injury after the lapse of six months from the accident causing it, and before the

monthly installments reach this sum, there is nothing in this section making the employer liable to his personal representative for the balance, and appellee contends that a consideration of its terms in connection with those of subdivision three discloses very clearly that the legislature intended that no such liability should exist.   In the latter it is provided that the employer shall pay compensation to the personal representative of the workman who dies from his injury within six months thereafter and leaves a widow and a minor child or children dependent upon his earnings for support and education, but there is no reference whatever to such payment when the workman dies after six months from the date of the injury.   To provide for such liability in the one instance and fail to do so in the other leads to the conclusion that it was intended in the one and not in the other, since "the expression of one thing is the exclusion of another."   And especially is this true in view of the fact that the only subdivision of paragraph 3170 other than this dealing with the employer's liability in death cases omits any reference whatever to it in the latter instance.   Both subdivisions one and two relate to compensation for the workman only, while subdivision three deals with compensation for the widow and children.   So far, therefore, as paragraph 3170 is concerned, the right of the personal representative to recover compensation for the benefit of the widow and children depends upon whether the employee dies before or after the expiration of six months from the date of injury.   If he dies before that time, it exists; if afterwards, it does not.   This, however, does not mean that he could not maintain an action for the installments due and unpaid at the time of the employee's death.

Appellant contends, however, that the limitation set forth in subdivision three means that, when a work-

man is injured and dies within six months thereafter without having made an election between compensation and an action at law, his personal representative has a right to demand a settlement under the Compensation Act. This contention, however, is untenable, because it is equivalent to saying that the personal representative has the right of election, and this court has held specifically that this right can be exercised only by the workman, and that, when he dies without having used it, the right, being personal, dies with him. *Behringer* v. *Inspiration Consolidated Copper Co.,* 17 Ariz. 232, 149 Pac. 1065.

The limitation which appellant claims applies to the facts of this case is found in paragraph 3173, the pertinent parts of which read as follows:

"If any employer fails to make and pay compensation, as in this chapter provided, for a period of three months after the date of the accident, or for any two months or more after payment of the last monthly compensation, then the injured workman, if surviving, or the personal representative, in case of death, may bring an action in any court of competent jurisdiction to recover and enforce the compensation herein provided. . . .

"The action shall be brought within one year after the happening of the accident, or after the nonpayment of any semimonthly installment theretofore fixed by agreement or otherwise; or within one year after the appointment of a personal representative of the decedent."

This provision, however, does not make the employer liable for compensation, but merely fixes the time when an action to recover that provided for "in this chapter" may be brought. The fact that the personal representative, in case of death, may bring an action "to recover and enforce the compensation herein provided" means only that he can do this in

those cases in which a liability in his favor is created by other provisions of the chapter.

The contention of appellant that, since her testate elected to take compensation and appellee agreed to pay it, and did do so for a period of sixteen months, there came into being a contract just as enforceable by the personal representative of the decedent as it was by the decedent himself, is, we think, correct, but this agreement was one entitling the decedent to compensation during total incapacity only, and, since the payment of the sum the act prescribes during this period is all he could have enforced, his personal representative is limited to an action for the same amount. To this extent the statement of the court in *Behringer* v. *Inspiration Consolidated Copper Co.,* *supra,* that "if the workman prior to his death should elect to settle for compensation, and thereafter die pending the settlement with the employer, the personal representative doubtless could enforce the contract, as he could any other contract of his intestate," is correct. The court's attention evidently had not been called to paragraph 3170, *supra,* when it used this language, because the provision therein, that "the measure and amount of compensation to be made by the employer to such workman or his personal representative for such injuries, shall be" a certain sum, the payment "commencing from the date of the accident and continuing during such total incapacity," would have led to a holding that the personal representative could enforce the payment of the amount due and unpaid at the time of death, but no more. If all that was due up to this time is paid, no cause of action survives, because the contract between the employer and employee is in that event fulfilled, and there remains no right to vest in anyone.

The compensation which subdivision three provides

the personal representative of a deceased workman shall be paid for the exclusive benefit of the widow and children is separate and distinct from that allowed the employee himself. The amount thereof is in no way affected by the fact that the latter received compensation up to the time of his death, for, notwithstanding this the personal representative is entitled to twenty-four hundred times one-half of the daily earnings of the decedent, and this is true, even though the amount should total four thousand dollars, the maximum allowed under the law in any one case. The employer could not reduce his liability for this sum by showing that he had made payments to the deceased, for these constituted the latter's compensation for the loss he sustained and the amount thereof was the same whether he had dependents or not.

Appellant argues that to hold that after an election there is no right in the personal representative to compel the payment of compensation under paragraph 3173, *supra,* would permit an employer to induce an injured employee to agree to take compensation and then allow him to stop paying it whenever death occurs after six months from the date of the injury. Such a construction, it is claimed, would defeat the very purpose of the Workmen's Compensation Act. Whether this be true or not the provisions of the act dealing with the question involved are so plain that there is no doubt as to what the judgment should be. The right to compensation did not exist at common law but is one of purely statutory creation. The court therefore must look to the terms of the act itself to determine whether the right to it exists in any given case, and, if it does not, the only alternative it has is to say so, even though, as in this instance, it seemingly has the effect of defeating one of the purposes of the law. If the present act had not recently been superseded, the result in this

case would doubtless have led to its amendment in such a way as to prevent a similar miscarriage of justice.

The judgment of the lower court is affirmed.

ROSS and LOCKWOOD, JJ., concur.